```
Gary Leibowitz, Esq. SBN 91670
The Law Office of Gary Leibowitz
4012 Katella Ave., Suite 104
Los Alamitos, CA 90720
Phone: (562) 430-6002
Fax:   (562) 430-8187

Attorney for Movant
Jordan Wirsz
Co-Executor of the Estate of Marla Morgan
```

FILED
05 MAR 14 AM 8:59
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____CC_____ DEPUTY

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In Re:<br><br>Marla Morgan,<br><br>        Debtor. | CASE NO. RS 04-12261-PC<br><br>CHAPTER 7<br><br>NOTICE OF MOTION AND MOTION TO VACATE ORDER FOR RELIEF FROM STAY; DECLARATIONS IN SUPPORT; POINTS AND AUTHORITIES; AND PROOF OF SERVICE<br><br>DATE: 4/04/2005<br>TIME: 9:30 a.m.<br>CTRM: 303 |

TO THE HONORABLE PETER H. CARROLL, UNITED STATES BANKRUPTCY JUDGE; UNITED STATES TRUSTEE; THE CHAPTER 7 TRUSTEE; WILBUR DOMECK AND HIS ATTORNEY:

1. Please take notice that on April 4, 2005 at 9:30 a.m., or as soon thereafter as the matter may be heard before the Honorable Peter H. Carroll, United States Bankruptcy Judge, Courtroom 303, 3420 Twelfth Street, Riverside, California, Jordan Wirsz, co-executor of the estate of his deceased

-1-

mother, Marla Morgan (hereinafter ``Morgan''), will request that the order for relief from stay that was granted in favor of Wilbur Domeck on 2/25/2005 be vacated.

2. The Court has jurisdiction to hear this motion pursuant to 28 U.S.C. § 157(a), (b)(1), (b)(2)(G), § 1334(a) and 11 U.S.C. § 105. Morgan filed a voluntary petition under Chapter 7 of the Bankruptcy Code on February 24, 2004. Her case number is RS 04-12261-PC.

3. This request is made pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure, Rule 1018 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 9013-1. This motion is based on the attached Declaration and Points and Authorities.

4. Wilbur Domeck (hereinafter ``Domeck'') brought an action in state court against Morgan on October 25, 2002 to quiet title to real property. The state court entered a default against Morgan on May 1, 2003. Morgan filed a Chapter 7 bankruptcy on February 24, 2004. The state court entered a default judgment on March 2, 2004 and awarded title to Domeck. Domeck was listed on the master mailing list that was filed on February 24, 2004 with Morgan's petition. The hearing on the motion for relief from stay filed by Domeck occurred on January 19, 2005 at 9:30 a.m. On February 25, 2005, the order for relief from stay was entered. The order annulled the stay retroactively to the date of the bankruptcy petition filing.

5. Morgan inadvertently did not respond to Domeck's motion for relief from stay. Her neglect was excusable because she was

extremely ill and near death. Morgan died on February 21, 2005. Her estate will be irreparably harmed if the order for relief from stay is not vacated because it is too late to set aside the state court's default judgment. The six-month deadline under California Code of Civil Procedure § 473(b) has passed. Domeck will be unjustly enriched if the order for relief from stay is not vacated because Morgan made payments on the house up until very soon before her death.

WHEREFORE, Movant Jordan Wirsz respectfully moves the Court to vacate the order for relief from stay so that Morgan's estate and Domeck can adjudicate Domeck's quiet title action in the bankruptcy court.

Respectfully submitted by

*[signature]*    Dated: 3-10-05

Gary Leibowitz
Attorney at Law

## DECLARATION OF JORDAN WIRSZ

I, Jordan Wirsz, declare as follows:

1. I am the son of the debtor Marla Morgan. My mother died on February 21, 2005, and I am now the co-executor of her estate.

2. My mother was suffering from terminal breast cancer at the time that Wilbur Domeck (hereinafter ``Domeck'') filed a lawsuit to quiet title in state court in October 2002.

3. I retained an attorney, Gary Leibowitz, on February 18, 2005 to represent me regarding her bankruptcy case.

4. I am informed and believe that payments were made by my mother and on behalf of my mother to keep the payments on the house current.

5. My mother underwent chemotherapy and radiation treatment on January 18, 2005, which was the day before the hearing on the motion for relief from stay.

6. I have been informed by my mother's friend, Janet El-Hage, who appeared at the hearing on January 19, 2005 with my mother, that my mother was very weak at the hearing. She was short of breath and needed her oxygen tank. However, she and Janet El-Hage were unable to carry the oxygen tank with them from the parking lot to the courtroom. Right after the hearing, Janet El-Hage had to go down to the lobby to copy some documents. My mother situated herself at a table there and tried to go to sleep.

4

7. I believe that my mother could have given the court a better picture of what was going on in her case had she been well enough to retain an attorney to represent her in opposing Domeck's motion for relief from stay.

8. I was unaware until approximately one week before my mother's death that she had filed bankruptcy. She chose not to confide in me. If I had known, I would have retained counsel to represent my mother's interests.

I declare under penalty of perjury that the foregoing is true and correct.

_____          Dated: 3-1-05
Jordan Wirsz

# DECLARATION OF JANET EL-HAGE

I, Janet El-Hage, declare as follows:

1. I attended the hearing on motion for relief from stay with Marla Morgan (hereinafter "Marla") on January 19, 2005 at 9:30 a.m.

2. Marla needed her oxygen tank with her in the courtroom, but we had to leave it in the car because it was too heavy for either one of us to transport.

3. Immediately after the hearing, I had to copy some documents on an unrelated matter down in the lobby. Marla sat at a table and tried to fall asleep because she was very tired from the radiation and/or chemotherapy that she had undergone the day before.

4. Marla discussed her financial difficulties with me, but she told me that she still managed to make the payments on her house with the help of friends. I believe that she was current on her house payments up until shortly before she died.

I have personal knowledge of all matters set forth in this declaration. I declare under penalty of perjury that the foregoing is true and correct.

_____    Dated: 2-1-2005
Janet El-Hage

**POINTS & AUTHORITIES**

<u>FRCP 60(b) AND FRBP 1018 AUTHORIZE THE COURT TO VACATE AN ORDER FOR RELIEF FROM THE AUTOMATIC STAY BASED UPON EXCUSABLE NEGLECT.</u>

Federal Rule of Bankruptcy Procedure 1018 authorizes the Court to vacate an order for relief.  Under FRCP 60(b)(1), an order for relief may be vacated for mistake, inadvertence, surprise, or excusable neglect.  There was excusable neglect regarding Morgan's failure to file a response to Domeck's motion for relief from stay.  Morgan was dying of cancer and was not able to keep track of her affairs during the last few months before her death.  She did not have the funds to hire an attorney and did not have an attorney at the time of the hearing on the motion for relief from stay.  Her failure to respond to Domeck's motion was not willful or intentional.  Morgan did not relate just how sick she was at the hearing on the motion for relief from stay.  She stated that she was undergoing chemotherapy, but she did not say that she was near death.  She died on February 21, 2005, only a month after the hearing.  Morgan had just had an exhausting cancer treatment the day before the hearing, and right after the hearing she put her head down on a table in the courthouse and tried to fall asleep.  Had she been in a healthier state, Morgan would have been able to present a better argument for why the relief from stay should not be granted.  She also would have been able to timely respond to the motion for relief from stay.

## THE RETROACTIVE ANNULLMENT OF THE AUTOMATIC STAY WILL CAUSE IRREPARABLE HARM TO MORGAN'S ESTATE BECAUSE OF CCP §473(b)

The Court stated during the hearing that state court was the better place for Domeck's quiet title action to be adjudicated. However, Domeck's action has not been adjudicated in state court nor will it be if the order for relief from stay is allowed to stand. Morgan was not personally served with Domeck's state court complaint, and she did not file an answer to the complaint. A default and a default judgment were entered. Moreover, it is too late for her estate to argue her case in state court. The entry of default and the default judgment were entered more than six months ago. Under California Code of Civil Procedure § 473(b), a party may move the court to vacate a default or default judgment on the grounds of mistake, inadvertence, surprise, or excusable neglect within six months of the entry of the default or within six months of the entry of the default judgment. Almost two years have passed since the entry of the default in Domeck's quiet title action, and more than a year has passed since the entry of the default judgment. Thus, the retroactive annulment of the stay will not enable the matter to be adjudicated in state court because defaults have already been entered, and they may not be reconsidered.

## THE RETROACTIVE ANNULLMENT OF THE AUTOMATIC STAY WILL CAUSE DOMECK TO BE UNJUSTLY ENRICHED

Morgan thought that the house belonged to her, and she therefore made the monthly payments on the house until approximately one month before her death. Even though Morgan was having financial difficulty and was very sick, she focused her

energy on keeping the house current because she did not want to lose it. Sometimes her friends helped her make the payments. If the automatic stay is retroactively annulled, Domeck will automatically gain title to the property because of the default judgment in his favor. He will be unjustly enriched by all of the payments that Morgan made on the house.

## MORGAN'S BANKRUPTCY WAS FILED IN GOOD FAITH AND DOMECK WAS PROPERLY NOTICED

The Court mentioned in its tentative ruling that Morgan's bankruptcy appeared to have been filed in bad faith and that it apparently was filed without notice to either Domeck or his counsel. First, Morgan did list Domeck and an address for him on the master mailing list that was filed at the same time as her petition. Her bankruptcy was filed on February 25, 2004, and Domeck's default judgment was entered on March 2, 2004. The year 2004 was a leap year, and therefore the bankruptcy was filed six days before the default judgment was entered. It was not Morgan's fault that the bankruptcy court did not send out the notices to her creditors before the state court entered its judgment.

Furthermore, Morgan did not file her bankruptcy for the purpose of delaying or interfering with prosecution of the state court action. She had been suffering from cancer since 2002, she was not personally served with Domeck's complaint, and by the time the default was entered, she was too ill to fight it. She was having financial difficulty and filed her bankruptcy in order to try to preserve her estate.

1 | Respectfully submitted by

3 | _____    Dated: 3-10-05
Gary Leibowitz
4 | Attorney at Law

# PROOF OF SERVICE

STATE OF CALIFORNIA   )
COUNTY OF ORANGE      )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 4012 Katella Ave., Suite 104, Los Alamitos, CA 90720.

On March 10, 2005, I served the foregoing document described as:

**NOTICE OF MOTION AND MOTION TO VACATE ORDER FOR RELIEF FROM STAY; DECLARATIONS IN SUPPORT; POINTS AND AUTHORITIES**

Said document(s) was served on interested party (or parties) in this action by placing a true copy thereof, enclosed in a sealed envelope, with postage thereon and fully prepared, in the United States Mail at Los Alamitos, California, addressed as follows:

Chapter 7 Trustee
Karl T. Anderson
700 E. Tahquitz Cyn Way, Ste. H
Palm Springs, CA 92262

United States Trustee
United States Trustee
Loring Building
3685 Main St., Ste. 300
Riverside, CA 92501

Creditor's Attorney
Stephen R. Wade
400 N. Mountain Ave., Ste. 214B
Upland, CA 91786

Debtor's Chapter 7 Counsel
William E. Windham
5005 La Mart Dr., Ste. 201
Riverside, CA 92507

<u>X</u>   (BY MAIL) I caused such envelope with postage prepaid thereon fully prepaid to be placed in the U.S. mail at Los Alamitos, California, 90720.

I am familiar with our firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Alamitos, California in the ordinary course of business. I am aware that on motion of the party served,

-1-

PROOF OF SERVICE

service is presumed invalid if the postal cancellation date or postage meter is more than one working day after the date of deposit for mailing in this declaration.

___ (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

X    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

DATED: March 10, 2005                    *Susan Jensen* (signature)
                                          Susan Jensen

-2-

PROOF OF SERVICE