LAW OFFICES OF STEPHEN R. WADE
400 N. MOUNTAIN AVE. SUITE 214B
UPLAND, CA 91786
PHONE (909) 985-6500
FAX (909) 985-2865

STEPHEN R. WADE
California Bar No: 79219

Attorneys for: WILBUR DOMECK

FILED
MAR 2 4 2005
CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

ORIGINAL

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re | Case No.   RS 04-12261 PC |
| MARLA MORGAN | Chapter 7 |
| Debtor. | **OPPOSITION OF WILBUR DOMECK TO MOTION TO VACATE ORDER FOR RELIEF FROM STAY** |
| | DATE:   April 4, 2005<br>TIME:   9:30 a.m.<br>CTRM:   303 |

Wilbur Domeck, an individual, (hereinafter "Plaintiff") submits the following opposition to Debtor and Defendant Marla Morgan's (hereinafter "Defendant") Motion to Vacate the Order for Relief from Stay to the First Amended Complaint:

---

**OPPOSITION OF WILBUR DOMECK TO MOTION TO VACATE ORDER FOR RELIEF FROM STAY**

1

## I. STATEMENT OF THE CASE

This case was filed as a voluntary Chapter 7 on February 24, 2005. Karl T. Anderson is the duly appointed Chapter 7 Trustee in the case.

On or about October 25, 2002, Wilbur Domeck (hereinafter "Domeck") filed an action in San Bernardino Superior Court, Case Number SCVSS 096173 (hereinafter the "State Court Action"). The Complaint in the State Court action alleged that Domeck was the owner of a single family home located at 23243 Glendora in the City of Grand Terrace, California. (Hereinafter the "Subject Property"). The Complaint further alleges that the Debtor fraudulently caused a quitclaim deed purporting to transfer the Subject Property to her to be recorded on July 30, 2002.

The Debtor was served with the Complaint in the State Court Action and no responsive pleading was filed. A default was entered against the Debtor in the State Court Action and an evidentiary prove up hearing was held. Thereafter, on March 2, 2004, the Superior Court issued a judgment by default against the Debtor awarding title to the Subject Property to Domeck.

On or about December 22, 2004 Domeck filed a Motion for Relief from the Stay (hereinafter the "Motion for Relief") seeking an order annulling the automatic stay on several grounds including:

"The claims at issue arise under non-bankruptcy law and can be most expeditiously resolved in a non-bankruptcy forum"

The Motion for Relief was served upon the Chapter 7 Trustee, the Debtor and her attorney, William E. Windham on December 21, 2004 and set regularly for hearing on January 19, 2005 at the hour of 9:30 a.m. No opposition to the Motion for Relief was filed by or on behalf of either the Debtor or the Trustee. At the hearing on January 19, 2005, the Debtor appeared and the Court granted the Motion for Relief thereby annulling the stay and validating the entry of the Judgment jn the State Court Action. The Order for Relief was entered on February 25, 2005.

On or about March 11, 2005 a motion to vacate the Order for Relief (hereinafter the "Motion") pursuant to Federal Rule of Civil Procedure 60(b)(1) and Rule 1018 of the Federal Rules of Bankruptcy Procedure, was filed Jordan Wirsz, allegedly the co-executory of the estate of the Debtor, now deceased.

## II THE MOTION TO VACATE THE ORDER FOR RELIEF

The Motion avers all of the facts set forth above. In addition, it alleges that the Debtor, "inadvertently" did not respond to the Motion for Relief and that such neglect was excusable "because she

---

OPPOSITION OF WILBUR DOMECK TO MOTION TO VACATE ORDER FOR RELIEF FROM STAY

2

was extremely ill and near death". In support of the Motion two declarations are attached. The first is a declaration from Jordan Wirsz who claims to be the "co-executor" of the Debtor's estate. It alleges that the Debtor died on February 21, 2005 of breast cancer. It further alleges on information and belief that on the day of the hearing on the Motion the Debtor was "very weak" and that after the hearing she tried to "go to sleep".

The only allegations in the Wirsz declaration regarding the Debtor's failure to file any opposition to the Motion for Relief is contained at paragraphs 7 and 8. There he states that:

7. "I believe that my mother could have given the court a better picture of what was going on in her case had she been well enough to retain an attorney to represent her in opposing Domeck's relief from stay motion"

8. " I was unaware until approximately one week before my mother's death that she had filed for bankruptcy. She chose not to confide in me. If I had known, I would have retained counsel to represent my mother's interests"

The second declaration is of Janet El-Hage. In it she states only that she accompanied the Debtor to the hearing on January 19, 2005 and that she left her oxygen tank in the car and that she was very tired from the radiation and/or chemotherapy treatments. She also states that the Debtor advised her that she made the house payments on the Subject Property until shortly before her death.

The accompanying Points and Authorities is devoid of any case citation and rests on a reference to FRCP 60(b)(1). It argues several points which are not contained in either of the declarations in support of the Motion including:

Page 7 Lines 9-11 "Morgan was dying of cancer and was not able to keep track of her affairs during the last few months before her death

Page 7 Lines 11-13 "She did not have the funds to hire an attorney and did not have an attorney at the time of the hearing on the motion for relief from stay"

Page 7 Lines 13-14 "Her failure to respond to Domeck's motion was not willful or intentional"

Page 8 Lines 7-8 "Morgan was not personally served with Domeck's state court complaint"

Page 8 Lines 25-27 "Morgan thought the house belonged to her"

Page 9 Line 2 "Sometimes her friends helped her make the payments."

Page 9 Lines 23-25 "she was not personally served with Domeck's complaint, and by the time the default was entered, she was too ill to fight it.

**OPPOSITION OF WILBUR DOMECK TO MOTION TO VACATE ORDER FOR RELIEF FROM STAY**
3

Each of these statements is without any evidentiary support and may not be considered by the Court in its ruling on the Motion. In fact, only the statements contained in paragraphs 7 and 8 of the Wirsz declaration have any evidentiary value in consideration of the Motion, and they have very little value at all.

### III    ARGUMENT

A.    <u>Wirz Lacks Standing To Pursue The Motion</u>

It is conceded that to the extent the Debtor retains any interest in the Subject Property, it is property of the estate under 11 U.S.C. 521. As such, only the Debtor or the Trustee in the case has standing to address a motion or to otherwise appear in the case. The Trustee has chosen not to either oppose the initial Motion for Relief or to participate in this Motion, leaving only the Debtor with standing to pursue it.

To satisfy this requirement, we have only the bold assertion that Wirsz is the "co-executor" of the Debtor's estate. He fails to support this allegation with any letters testimentary or other documentation which would confirm this standing. Failure to cure this requirement should result in the Motion being summarily denied.

B.    <u>The Motion Fails Satisfy The Requirements Of FRCP 60(b)(1)</u>

Federal Rule of Civil Procedure 60(b)(1) allows relief from a judgment or order when such judgment or order is entered as a result of the "mistake, inadvertance, surprise or excusable neglect" of a party to the judgment or order. A determination in this regard is directed to the sound discretion of the court. (<u>Zimmerman v. First Fidelity</u>, 85 F3d 992 (9Cir 1999)). I making the required showing of excusable neglect, the party seeking relief has the burden of providing sufficient justification for such remedy. (<u>Cassidy c. Renorio</u> 856 F 2d 1412 (9 Cir 1988)).

In analyzing whether the required showing for relief for excusable neglect under FRCP 60(b)(1) courts have established a three part test. To be entitled to relief from a judgment or order taken by default all three of these must be established by the Movant. In its decision in <u>In re: Hammer</u>, 940 F2d 524, 525-526, the court found these factors to be:

1.    Was the judgment or order entered as a result of the Movant's excusable neglect,

2.    Whether the Movant has shown a meritorious defense to the judgment or order, and

3.    Whether the opposing party would be prejudiced if the judgment were set aside.

In applying these factors to the Motion at hand, Movant has failed to meet any of the three criteria. The threshold determination is whether the Order for Relief was entered as a result of the Debtor's

1  excusable neglect. The only evidence provided in the Motion in this regard is that she was ill and dying of
2  terminal cancer since approximately 2002. There is no explanation provided as to why she failed to file
3  written opposition to the Motion for Relief or why she failed to retain counsel to represent her interests. The
4  Debtor apparently had funds available for the latter purpose, since she was making payments on the Subject
5  Property until shortly before her death.

The Declaration of Wirsz not only fails to explain why the Debtor did not retain counsel or file opposition, but actually argues against excusable neglect when he states that:

> "I was unaware until approximately one week before my mother's death that she had filed for bankruptcy. She chose not to confide in me. If I had known, I would have retained counsel to represent my mother's interests"

Apparently, the Debtor chose to conceal her financial condition from her son and not to seek help from those around her who could have assisted in retaining counsel to file written opposition to the motion. This is not the type of excusable neglect over which the Debtor had no control but rather reflects a conscious decision not to seek assistance.

Additionally, the Motion for Relief was not granted without opposition. The Debtor appeared at the hearing and argued against the granting of the Relief. The Court ruled on the merits of the Motion for Relief finding that the State Court was the appropriate forum for the determination of the quiet title action.

The Motion is equally devoid of support on the second test. To succeed in setting aside the judgment or order taken against them, the Movant must demonstrate a meritorious defense. Further, the courts have held that, "Mere legal conclusions, general denials or simple assertions that the movant has a meritorious defense" are insufficient to justify the court upsetting the underlying judgment. (See Cassidy v. Tenorio 856 F2d 1412 at 1415, quoting In re: Stone, 558 F2d 1316, 1319)

Here, the evidence presented does not even rise to the level of a legal conclusion or general denial. Instead it consists entirely of the statement in the Declaration of Wirsz that:

> "I believe that my mother could have given the court a better picture of what was going on in her case had she been well enough to retain an attorney to represent her in opposing Domeck's relief from stay motion"

The Declarations go no further than this in explaining why, if the Court sets aside the Order for Relief, that a different result would occur on a rehearing on the matter. This is far shy of meeting the second test of a motion for relief under FRCP 60(b)(1).

---

**OPPOSITION OF WILBUR DOMECK TO MOTION TO VACATE ORDER FOR RELIEF FROM STAY**
-5-

Finally, there is no discussion whatsoever in the Motion as to prejudice to Domeck in having the Order for Relief set aside. A motion for relief from the stay is required to be heard within thirty (30) days of its filing. In this case, the Motion for Relief was filed in December, 2004. If the Order for Relief is set aside and a new hearing set on the Motion for Relief, it may not be heard or decided until late April, over 120 days after filing of the Motion for Relief.

Further, the Motion itself betrays the fact that the Debtor is no longer making the payments on the underlying loans on the property "since shortly before her death" in February, 2005. If the Order for Relief is set aside, Domeck must presumably either make the payments on the loans himself or risk loss of the Subject Property in foreclosure. In either case, he would be prejudiced by the granting of the Motion.

C.  <u>Domeck Is Not Unjustly Enriched</u>

Although spurious to the Motion, Movant argues that the anullment of the stay, which gives effect to the State Court Judgment, results in "unjust enrichment" to Domeck. This is based upon the allegation that the Debtor made payments on the loans secured by the Subject Property until shortly before her death. In fact, however, the Debtor's petition and schedules demonstrate that she resided in the Subject Property at the time of her filing and up to her death. Thus, she received the benefit of the occupancy of the Subject Property in exchage for the loan payments which she allegedly made.

D.  <u>Annulment Of The Stay Was Appropriate</u>

Movant argues that retroactive annulment of the stay will not enable the matter to be adjudicated in the State Court action. Curiously, he makes this argument based upon the fact that Debtor's default in that action was entered more than six months before the filing of the petition in bankruptcy and therefor Debtor could not have made a timely motion to set that default aside under CCP 473. The only excuse offered for a failure to make such a timely motion to set aside the default is that "she was too ill to fight it".

Therefor, Movant suggests that because the Debtor defaulted in the State Court Action and took no steps to set aside that default for more than a year, she should be rewarded in the Bankrutpcy Court by nullifying that default and the judgment which followed it, after prove-up hearing, and instead to "vacate the order for relief from stay so that Morgan's estate and Domeck can adjudicate Domeck's quiet title action in the bankruptcy court". In short, Movant seeks to hit the proverbial "grand slam". He seeks to set aside not only the Order for Relief, but the effect of the default in the State Court Action as well.

This constitutes the rankest form of "forum shopping" and the type of bad faith attributable to her

in the Motion for Relief. If successful in obtaining this relief, it would open the floodgates to the Bankruptcy Court as a forum for those who default in state court actions and then wait beyond the six month period to seek relief from that default. This is surely not what is anticipated by FRCP 60(b)(1).

For all these reasons, the Motion should be denied.

Date: March 21, 2005

Respectfully Submitted,

The Law Offices of Stephen R. Wade

By: _____
STEPHEN R. WADE

---

**OPPOSITION OF WILBUR DOMECK TO MOTION TO VACATE ORDER FOR RELIEF FROM STAY**
-7-

| | |
|---|---|
| In re Marla Morgan | Case No. RS 04-12261<br>Chapter 7 |

## PROOF OF SERVICE VIA FACSIMILE

STATE OF CALIFORNIA

COUNTY OF SAN BERNARDINO

I am employed in the County of San Bernardino, State of California. I am over the age of 18 and not a party to the within action. My business address is 400 N. Mountain Ave. Suite 214B, Upland, California.

On March 23, 2005, I served, on recycled paper, the foregoing document described as

**OPPOSITION OF WILBUR DOMECK TO MOTION TO VACATE ORDER FOR RLIEF FROM STAY**

VIA FACSIMILE by transmitting the document(s) listed above to the fax number(s) set forth below on this date before 4:00 p.m.:

| Office of the United States Trustee<br>951-276-6973 | Attorney for Jordan Wirsz<br>Gary Leibowitz<br>562-430-8187 |
|---|---|
| Chapter 7 Trustee<br>Karl T. Anderson<br>760-778-8869 | |

Executed on March 23, 2005, at Upland, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

D. Riley

Q:\Common\My Documents\ClientFiles\Domeck 1327\POS fax opp mx vacate.wpd